IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN HARPER and LANA KUDINA, | ) | |
| Plaintiff, | ) | No. CV-06-1457-HU |
| v. | ) | |
| COLDWELL BANKER BARBARA SUE SEAL PROPERTIES and PYRAMID HOMES INCORPORATED, | ) | FINDINGS & RECOMMENDATION |
| Defendants. | ) | |

John Harper
Lana Kudina
P.O. Box 16566
Portland, Oregon 97292

    Plaintiffs Pro Se

Martha J. Hodgkinson
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205

    Attorney for Defendant Coldwell Banker Barbara
    Sue Seal Properties

Albert F. Schlotfeldt
DUGGAN, SCHLOTFELDT & WELCH, PLLC
900 Washington Street, Suite 1020
P.O. Box 570
Vancouver, Washington 98666-0570

1 - FINDINGS & RECOMMENDATION

HUBEL, Magistrate Judge:

Plaintiffs John Harper and Lana Kudina filed an action against defendants in the Superior Court of the State of Washington, Clark County. On October 16, 2006, plaintiffs removed that action to this Court. Defendants move to remand the action back to state court. I recommend that the motions be granted.

Removal of cases from state court is governed by 28 U.S.C. § 1441. Removal is the defendant's prerogative, not the plaintiff's. The statute vests the right to remove in "the defendant or defendants." 28 U.S.C. § 1441(a). "Congress has given the right to remove lawsuits to defendants, not to plaintiffs." Guttman v. Silverberg, 374 F. Supp. 2d 991, 992 (D.N.M. 2005); Southland Corp. v. Estridge, 456 F. Supp. 1296, 1300 (C.D. Cal. 1978) (plaintiff who chooses to commence the action in state court cannot later remove to federal court, even to defend against a counterclaim).

Because plaintiffs removed the case to this Court without authority to do so, the case should be remanded. 28 U.S.C. § 1447(c).

Two other bases for remand are also apparent from the record. First, the notice of removal must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b). Plaintiffs filed their state court Complaint on May 8, 2006. Exh. 1 to "CBBSSP TABLE OF CONTENTS" filed by plaintiffs with Notice of Removal. Coldwell Banker Barbara Sue Seal was served with the Summons and Complaint on May 9, 2006. Id. It is unclear when defendant Pyramid Homes was served.

Plaintiffs filed an Amended Complaint in state court on or

2 - FINDINGS & RECOMMENDATION

about August 17, 2006.  Exh. 12 to "CBBSSP TABLE OF CONTENTS" filed by plaintiffs with Notice of Removal.  The certificate of service attached to the Amended Complaint shows that plaintiffs served a copy of the pleading to counsel for Coldwell Banker Barbara Sue Seal, by mail, on August 17, 2006, and on the registered agent for Pyramid Homes by hand delivery, also on August 17, 2006.

Even using August 17, 2006 as the operative date for starting the thirty-day clock rather than a date in May 2006 when the original Complaint was filed, removal on October 16, 2006, is beyond the thirty-day time period allowed in 18 U.S.C. § 1446(b).  Thus, the case should be remanded.

Second, 28 U.S.C. § 1441(a) makes clear that removal of a state court action to a federal court must be to the "district court of the United States for the district and division embracing the place where such action is pending."  Because this action was pending in Clark County, Washington, the United States District Court for the District of Oregon is not the appropriate removal court.

For all of the above reasons, the defendants' motions to remand should be granted.

Defendants have requested that plaintiffs be ordered to pay fees associated with defendants' motions to remand.  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").  A recent Ninth Circuit case explains that a 2005 Supreme Court case "established the general rule that 'absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively

3 - FINDINGS & RECOMMENDATION

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" Associates Nat'l Bank. v. Erum, No. 04-16436, 2006 WL 3017424, at *1 (9th Cir. Oct. 17, 2006) (quoting Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005)).

Here, plaintiffs lacked an objectively reasonable basis for removal. An award of costs and fees is appropriate. I recommend that should the Article III District Judge adopt this Findings & Recommendation, the fee requests be granted in an amount determined by the Article III District Judge.

Finally, plaintiffs move for an order of sanctions against Pyramid Homes's counsel Albert Schlotfeldt. Because it is inappropriate for this Court to rule on this motion given my conclusion that the action was improperly removed here, I stay this motion until after a ruling by the Article II District Judge. If the Article III District Judge adopts this Findings & Recommendation, I recommend that this motion be denied.

## CONCLUSION

Defendants' motions to remand (#7, #10) should be granted, as should defendants' requests for fees and costs in an amount determined by the Article III District Judge. Plaintiffs' motion for sanctions (#13) is stayed, but should be denied if the Article II District Judge adopts this Findings & Recommendation.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due November 14, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

4 - FINDINGS & RECOMMENDATION

If objections are filed, a response to the objections is due November 28, 2006, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this  30th  day of  October , 2006.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

5 - FINDINGS & RECOMMENDATION