IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN HARPER and LANA KUDINA,<br><br>              Plaintiffs,<br><br>   v.<br><br>COLDWELL BANKER BARBARA SUE<br>SEAL PROPERTIES and PYRAMID<br>HOMES INCORPORATED,<br><br>              Defendants. | No. CV-06-1457-HU<br><br>FINDINGS & RECOMMENDATION |

John Harper
Lana Kudina
P.O. Box 16566
Portland, Oregon 97292

    Plaintiffs Pro Se

Martha J. Hodgkinson
HOFFMAN, HART & WAGNER, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, Oregon 97205

    Attorney for Defendant Coldwell Banker Barbara
    Sue Seal Properties

/ / /

/ / /

/ / /

1 - FINDINGS & RECOMMENDATION

1  Albert F. Schlotfeldt
   DUGGAN, SCHLOTFELDT & WELCH, PLLC
2  900 Washington Street, Suite 1020
   P.O. Box 570
3  Vancouver, Washington 98666-0570

4     Attorney for Defendant Pyramid Homes, Inc.

5  HUBEL, Magistrate Judge:

6     Plaintiffs John Harper and Lana Kudina filed an action against
7  defendants in the Superior Court of the State of Washington, Clark
8  County.  On October 16, 2006, plaintiffs removed that action to
9  this Court.  In an October 30, 2006 Findings & Recommendation, I
10 recommended that defendants' motions to remand the action back to
11 state court be granted.  I also recommended that should the Article
12 III District Court Judge adopt the Findings & Recommendation,
13 defendants be awarded attorney fees and costs under 28 U.S.C. §
14 1447(c).

15    In a December 20, 2006 Order, Judge Brown adopted the October
16 30, 2006 Findings & Recommendation.  She granted defendants'
17 motions to remand and granted defendants' request for attorney's
18 fees and costs.

19    Defendants now move for awards of fees.  I recommend that the
20 motions be granted in part and denied in part.

21    As stated in the October 30, 2006 Findings & Recommendation,
22 section 1447(c) allows an order remanding a case to require payment
23 of "just costs and any actual expenses, including attorney fees,
24 incurred as a result of the removal."

25    In determining a reasonable attorney's fee, the district court
26 first calculates the lodestar by multiplying the number of hours it
27 finds the prevailing party reasonably expended on the litigation by
28 a reasonable hourly rate.  Caudle v Bristow Optical Co., Inc., 224

2 - FINDINGS & RECOMMENDATION

F.3d 1014, 1028 (9th Cir. 2000). There is a strong presumption that the lodestar figure is a reasonable fee. Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). The presumptively reasonable lodestar figure may be adjusted downward or upward only on the basis of those factors not already subsumed in the lodestar calculation. Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996), amended on other grounds, 108 F.3d 981 (9th Cir. 1997). "The subsumed factors are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained and the superior performance of counsel." D'Emanuele v. Montgomery Ward & Co., 904 F.2d 1379, 1383 (9th Cir. 1990) (citations omitted), overruled on other grounds, Burlington v. Dague, 505 U.S. 557 (1992).

A. Reasonable Hourly Rate

In determining the reasonable hourly rate, the court must look at the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). The court determines what a lawyer of comparable skill, experience, and reputation could command in the relevant community. Id. at 895 n.11; see also Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1333 (D. Or. 1996) ("In setting a reasonable billing rate, the court must consider the 'prevailing market rates in the relevant community' and determine what a lawyer of comparable skill, experience, and reputation could command in the relevant community."), aff'd, 116 F.3d 485 (9th Cir. 1997). The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those

3 - FINDINGS & RECOMMENDATION

prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

This Court starts its analysis of a reasonable hourly fee by looking to the Oregon State Bar Economic Survey ("OSB Survey")[1]. <u>E.g.</u>, <u>Frederickson v. Consolidated Supply Corp.</u>, No. CV-05-1704-BR, 2006 WL 752587, at *3 (D. Or. Mar. 21, 2006) (noting that court uses bar survey as initial benchmark and that attorneys may argue for higher rates based on inflation, specialty, or other factors).

### 1. Coldwell Banker Barbara Sue Seal Properties

Although Martha Hodgkinson is listed as the attorney of record for Coldwell Banker, another attorney in the firm, Calliste Korach, performed the majority of work on the remand motion. In her affidavit, Korach states she was admitted to practice law in Oregon in 1999 and her practice focuses primarily on professional liability defense. Korach Affid. at ¶ 13. Her current rate is $125 per hour. <u>Id.</u>

The OSB Survey shows that the average billing rate in 2002, for Portland attorneys with 7-9 years of experience, was $176 per hour. Even unadjusted for inflation, Korach's $125 hourly rate is well below the average. This is a reasonable rate.

Nowhere in Coldwell Banker's motion and supporting materials can I find, however, a stated rate for Hodgkinson. It is inexcusable for experienced counsel practicing in this Court to fail to delineate the hours per attorney and the requested rate for

---

[1] Available at: www.osbar.org/surveys_research_econsurv02/econsurvey02.html.

4 - FINDINGS & RECOMMENDATION

each attorney.

My calculation shows that Hodgkinson's rate is $155 per hour. See Exh. A to Korach Affid. at p. 10 (Hodgkinson charged $31 for 0.2 hours of work; using these figures produces an hourly rate of $155). Coldwell Banker's submission also fails to include any information regarding the length of time Hodgkinson has been practicing law. While it is easy enough to guess at these facts from Hodgkinson's Oregon State Bar number in the bar directory, or from earlier pleadings in the case which bear her name and bar number, attorneys who practice elsewhere before coming to Oregon suffer from such speculation. This was another omission that should be in the fee request. Assuming that Hodgkinson's bar number of 86209 correctly suggests she was admitted in 1986, then as of 2006, she had been practicing for 20 years.

Hodgkinson's rate of $155 per hour is extremely reasonable. The OSB Survey shows that in 2002, the average rate charged by Portland practitioners with twenty years of experience was $213 per hour, well above Hodgkinson's 2006 rate.

The rates charged by Coldwell Banker's counsel are reasonable.

2. Pyramid Homes

Three different attorneys provided services to Pyramid Homes in this case: Albert Schlotfeldt, Quinn Posner, and Curtis Welch. Exh. A to Schlotfeldt's Affid. They were assisted by paralegal Kesa Knudsvig.

Schlotfeldt seeks an hourly rate of $215. Id. He practices primarily in the areas of real estate and construction litigation. Schlotfeldt Affid. at ¶ 1. He states that the fees sought are reasonable and customary for this area of litigation. Id. at ¶ 3.

5 - FINDINGS & RECOMMENDATION

He provides no information about the number of years he has been practicing law, again leaving it to the Court to deduce that information from his 90115 bar number.

The OSB Survey shows that the average rate for a Portland attorney with sixteen years of experience is $213 per hour. Even without making an adjustment for inflation, Schlotfeldt's $215 hourly rate appears reasonable.

Pyramid Homes provides absolutely no information about either of the other two attorneys or the paralegal, other than to request $200 per hour for Posner, $210 for Welch, and $95 for Knudsvig. I can deduce Posner's years of experience from his bar number which appears on the pleadings submitted in support of the attorney's fee request. The number, 05121, indicates he has one year of experience.

In 2002, the average hourly rate for attorneys with that level of experience was $144 per hour. Adjusted for inflation[2], this $144 rate would be $162.06 in 2006. Pyramid Homes offers no basis for adjusting this rate. $162 per hour is a reasonable rate for Quinn.

The record contains no information about Welch's years of practice and because his name does not appear on any pleadings in the case, his bar number is not readily available from any court filings. I obtained his bar number from the bar directory but

---

[2] As seen in the Bureau of Labor Statistics website, the Consumer Price Index (Urban) for All Items shows an average inflation rate of 1.9% for 2003, 3.3% for 2004, and 3.4 percent for 2005. Available at: ftp://ftp.bls.gov/pub/special.requests.cpi.cpiai.txt. For the purposes of this Findings & Recommendation, I assume that the inflation rate for 2006 will be 3.4%.

6 - FINDINGS & RECOMMENDATION

1  again, there is no excuse for experienced counsel to fail to
2  include such information in a fee request. Based on an 87097 bar
3  number, Welch appears to have been practicing for nineteen years in
4  2006.
5     The OSB Survey indicates that in 2002, the average hourly rate
6  for a Portland attorney with nineteen years of experience is $213.
7  Thus, even without adjusting for inflation, Welch's requested rate
8  of $210 is reasonable.
9     Finally, I conclude that $95 per hour for the paralegal time
10 is reasonable.
11    B.  Reasonable Number of Hours
12    It is the fee claimant's burden to demonstrate that the number
13 of hours spent was "reasonably necessary" to the litigation and
14 that counsel made "a good faith effort to exclude from [the] fee
15 request hours that are excessive, redundant, or otherwise
16 unnecessary[.]" Hensley v. Eckerhart, 461 U.S. 424, 434 (1983);
17 see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d
18 1545, 1557 (9th Cir. 1989) ("[p]laintiffs bear the burden of
19 showing the time spent and that it was reasonably necessary to the
20 successful prosecution of their [] claims."). Reasonable hours
21 include only those for successful or closely related claims.
22 Sloman v. Tadlock, 21 F.3d 1462, 1474 (9th Cir. 1994); see also
23 Chalmers v. City of Los Angeles, 796 F.2d 1205, 1211 (9th Cir.
24 1986) (district court determines number of hours reasonably
25 expended in furtherance of the successful aspects of a litigation),
26 amended, 808 F.2d 1373 (9th Cir. 1987).
27       1.  Coldwell Banker
28    By my calculations, Coldwell Banker seeks fees for 21.5 hours

7 - FINDINGS & RECOMMENDATION

of work by Korach, and 2.9 hours by Hodgkinson. I have reviewed the time entries and conclude that this is a reasonable number of hours given that (1) plaintiffs filed a baseless motion for sanctions against Pyramid Homes after they removed the case to this Court, which caused additional work for both defendants, (2) plaintiffs filed a Second Amended Complaint without leave of court and without defendants' consent, after the motions to remand were filed, and after the filing of the Findings & Recommendation recommending that the motions to remand be granted, which also caused additional work by both defendants, and (3) because there was no Magistrate Judge consent, the parties were faced with a second round of briefing on the objections to the Findings & Recommendation.

### 2. Pyramid Homes

Pyramid Homes seeks fees for 7.5 hours spent by Schlotfeldt, 26.8 hours spent by Posner, .35 hours spent by Welch, and 3.9 hours spent by Knudsvig. While the time requested by Welch and Knudsvig is reasonable, there are a few billing entries by the other counsel that do not appear to have been incurred as a result of the removal, and thus, I do not award them here.

Those entries are:

(1) 0.2 hours by Posner on October 20, 2006, for time spent receiving, reviewing, and analyzing correspondence from plaintiffs requesting discovery and settlement negotiations;

(2) 0.2 hours by Schlotfeldt on October 20, 2006, for receiving and examining a letter from plaintiffs regarding

8 - FINDINGS & RECOMMENDATION

discovery[3];

    (3) 0.2 hours by Schlotfeldt on October 25, 2006, for receiving and examining information on Harper;

    (4) 0.4 hours by Posner on October 25, 2006, for researching the corporation status of plaintiffs in Washington and Oregon in order to determine the presence of property to attach future judgment; and

    (5) 0.2 hours by Schlotfeldt on October 30, 2006, for receiving and examining a letter from Coldwell Banker's counsel to Harper demanding dismissal.

    The problem with these entries is that they are not specifically tied to the proceedings in federal court but are actions that would likely have been undertaken by counsel even if the case had remained pending in state court. Thus, they are not properly awarded under section 1447(c).

    Next, I deduct 0.5 hours from the 1.0 sought by Posner on October 27, 2006, for time spent receiving, reviewing, and analyzing plaintiffs' response to the motion to remand. The filing was 5½ pages, with an additional 3 pages of exhibits and copies of two very short cases appended. Reasonably, it should have taken no more than thirty minutes to evaluate this filing, which is the amount of time spent by counsel for Coldwell Banker on this task.

    Finally, I deduct 0.7 hours of time spent by Posner on

---

[3] The entries on this date appear duplicative and while the client may opt to pay more than one counsel to perform a review of correspondence, the time spent by both attorneys is not equitably shifted to plaintiffs in this case. Thus, if these entries were related to the fact that the case was pending in federal court as a result of a meritless removal, I would allow the time for only one attorney, not both.

9 - FINDINGS & RECOMMENDATION

November 13, 2006, for reviewing and analyzing plaintiffs' objection to the Findings & Recommendation, and 0.2 hours spent by Posner on November 16, 2006, for time spent receiving and reviewing correspondence by the court regarding new filings. I deduct this time, consistent with the reasons explained in footnote 3, because in each case, both Posner and Schlotfeldt appear to have billed for time spent on the same task and it is inequitable to shift fees for both counsel to plaintiffs. Only one lawyer was needed for this task. See Exh. B to Schlotfeldt Affid. at p. 6 (the day after Posner billed 0.7 hours for reviewing and analyzing plaintiffs' objections to the Findings & Recommendation, Schlotfeldt billed 0.6 hours for examining filings by Harper), and p. 7 (the day after Posner billed 0.2 hours for receiving and reviewing correspondence from federal court regarding new filings, Schlotfeldt billed 0.2 hours for receiving and examining notice from federal court). I award the time to Schlotfeldt, the more senior attorney.

After making the appropriate deductions, I conclude that the reasonable number of hours for Schlotfeldt is 6.9, for Posner is 24.4, for Welch is .35, and for Knudsvig is 3.9.

C. Calculation of the Lodestar

The total award for Coldwell Banker is $3,137 (21.5 hours x $125 per hour for Korach produces a total of $2,687.50; 2.9 hours x $155 per hour for Hodgkinson produces a total of $449.50; together, these figures equal $3,137)[4].

The total award for Pyramid Homes is $5,880.30 (6.9 hours x

---

[4] Coldwell Banker's motion seeks a total of $3,214. I believe I am awarding all hours requested at the rates requested and cannot ascertain the source of the discrepancy.

10 - FINDINGS & RECOMMENDATION

$215 per hour for Schlotfeldt produces a total of $1,483.50; 24.4 hours x $162 per hour for Posner produces a total of $4,341.60; .35 hours x $210 per hour for Welch produces a total of $73.50; and 3.9 hours x $95 per hour for Knudsvig produces a total of $370.50; together, these figures equal $5,880.30).

D. Costs

Coldwell Banker seeks $10 in costs for a November 7, 2006 delivery to this Court. Although Korach declares that the cost incurred is correct and was necessarily incurred in the action, there is no information as to what was delivered and why it was necessary to hand deliver the material. The docket sheet reflects no pleadings or other submissions filed by Coldwell Banker on that date and there does not appear to have been any urgency related to any filing so as to justify the cost for a hand delivery to the Court. Because Coldwell Banker fails to fully substantiate the necessity in incurring this cost, I decline to award it.

## CONCLUSION

I recommend that defendant Coldwell Banker's motion for fees (#33) be granted in the amount of #3,137, and I further recommend that defendant Pyramid Homes's motion for fees (#29) be granted in part and denied in part and that Pyramid Homes be awarded $5,880.30. I also recommend that Coldwell Banker's Cost Bill (#32), be denied.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due March 1, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

11 - FINDINGS & RECOMMENDATION

If objections are filed, a response to the objections is due March 15, 2007, and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this __14th__ day of __February__, 2007.


                                                         /s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

12 - FINDINGS & RECOMMENDATION